IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEREMY M. WRIGHT, #B-74037,   )
                              )
        Plaintiff,             )
                              )
vs.                           )    CASE NO. 11-cv-225-MJR
                              )
GUY D. PIERCE, *et al.,*      )
                              )
        Defendants.            )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Jeremy M. Wright, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based in part on incidents that occurred while Plaintiff was housed at Pontiac Correctional Center. Plaintiff is serving a 100 year sentence for murder. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff's complaint seeks relief against several Defendants at two different institutions in two different judicial districts, Pontiac Correctional Center and Menard Correctional Center, in connection with their respective denials of his request to remain in protective custody status.

Plaintiff is not seeking money damages, but instead prays for injunctive relief. He asks to be placed back into permanent protective custody status because, as a former member of the Latin Kings gang and a bisexual, he fears for his life and safety if he must remain in general population. Plaintiff alleges that in the past, he had cooperated with internal affairs in a gang renunciation process, had burned off his teardrop gang tattoo, and had disclosed names of

ranking members in the gang as well as other information on the Latin Kings (LK). He had been in protective custody status since March 30, 1999. Plaintiff claims that LK members had witnessed him with the gang investigators, and that he was threatened by a top LK member while he was previously housed in Stateville Correctional Center.

Plaintiff was placed in segregation on November 11, 2009, for impeding an investigation over sexual misconduct involving Plaintiff and another male inmate. Until recently, Plaintiff had been housed in Pontiac Correctional Center. On August 6, 2010, he was informed by Defendant Flex that his request to remain in protective custody (apparently Plaintiff's segregation status had ended) had been denied. Plaintiff filed a grievance, but it was denied by Defendant Pierce (Pontiac Warden). Defendant Taylor (IDOC Director), and Defendant Miller (Administrative Review Board) approved the final denial of that grievance on December 15, 2010. (Doc. 1-1, p. 4)

At some point thereafter, Plaintiff was transferred to Menard Correctional Center, where he again requested protective custody. His request was denied on February 16, 2011, by Defendant Hendricks, despite this Defendant's statement to Plaintiff that "the Kings were no sissys [sic] and would stab[1] my ass up for being gay." (Doc. 1, p. 5) Defendant "Menard Warden" concurred in the denial. Plaintiff's complaint alleges that "I am currently waiting on the ARB for my subsequent grievance for PC denial." (Doc. 1, p. 5)

In his complaint, Plaintiff seeks a Temporary Restraining Order (TRO) to prevent him from being sent to general population in order to ensure his safety at Menard. He also requests

---

[1] The Court is not certain that "stab" is the correct word as Plaintiff's hand-written complaint is difficult to read.

the restoration of his protective custody status, and a transfer back to Pontiac Correctional Center. Plaintiff has not filed any separate motion or petition for a TRO or a preliminary or permanent injunction.

**Discussion**

At the time of the initial events described in the complaint, Plaintiff was incarcerated in Pontiac Correctional Center, located in Livingston County, Illinois. Livingston County is situated in the federal judicial district for the Central District of Illinois. 28 U.S.C. § 93(b). Therefore, the Court finds that the Central District is the appropriate forum for the hearing and determination of Plaintiff's claims against Defendants Pierce and Flex, because those Defendants are located there and the alleged events at Pontiac took place there. The claims against Taylor and Miller arose as a result of the grievance filed by Plaintiff over the actions of Defendants Pierce and Flex, and likewise should be heard in the Central District. Pursuant to 28 U.S.C. § 1404(a), and on the Court's own motion, the Pontiac claims are dismissed without prejudice to Plaintiff bringing a new action in the Central District of Illinois.

As to the claims against the Menard Correctional Center Defendants (Defendants Counselor Hendricks and "Menard Warden") over the events commencing in January or February 2011, while those claims are properly brought in this District, Plaintiff's complaint is premature. Plaintiff may not pursue a § 1983 claim in federal court until after he has exhausted his available remedies. *See* 42 U.S.C. § 1997e(a).

Although failure to exhaust administrative remedies is usually an affirmative defense, when, as here, it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies against the Menard defendants, that portion of the complaint fails to state a

claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007). Plaintiff states in his complaint that he is "currently waiting on the ARB for [his] subsequent grievance for PC [protective custody] denial[.]" (Doc. 1, p. 5) Until the final determination by the ARB is made on Plaintiff's Menard grievance, Plaintiff has not exhausted his administrative remedies and cannot maintain an action against the Menard Defendants. Therefore, the Menard portion of Plaintiff's complaint must be dismissed as premature. However, Plaintiff may file an amended complaint after exhausting the administrative grievance procedure.

In the event that Plaintiff again may seek issuance of a temporary restraining order (TRO) along with his amended complaint, Plaintiff should take note that a TRO is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

In considering whether to grant any injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5)

that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. Prison regulations provide for voluntary placement of an inmate in protective custody where general population inmates cannot reach a protected inmate, should the need arise. ILL. ADMIN. CODE, tit. 20, § 501.310 (1987). Normally, this would provide an adequate remedy should Plaintiff be threatened by other inmates. However, in Plaintiff's case, it is the very denial of protective custody status which is the basis for his claim. While the Court must dismiss this complaint due to the failure to exhaust administrative remedies, Plaintiff will be allowed an opportunity to file a First Amended Complaint regarding the Menard Defendants and incidents, but only after he receives the final ruling on his grievance from the ARB. Nothing in this order should be construed as an opinion on the merits of any of Plaintiff's claims for relief.

**Disposition**

**IT IS HEREBY ORDERED** that the request for issuance of a temporary restraining order is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against **DEFENDANTS PIERCE, FLEX, TAYLOR** and **MILLER**, arising out of events that occurred in Pontiac Correctional Center, are **DISMISSED** without prejudice to Plaintiff bringing these claims in a properly filed action in the Federal District Court, Central District of Illinois. Plaintiff is advised that the dismissal of his claims against the Pontiac Defendants shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that, should Plaintiff wish to pursue his claims against **DEFENDANTS HENDRICKS** and **MENARD WARDEN** for the events occurring in Menard Correctional Center, he shall file his First Amended Complaint on or before **May 20, 2011**. If Plaintiff has not yet received a final ruling on his grievance to exhaust his administrative remedies before the deadline, the Court will entertain a motion for extension of time. Should Plaintiff fail to file either an amended complaint or a motion for extension of time on or before **May 20, 2011**, this case shall be dismissed for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally, Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED:** 4/15/2011

/s/ MICHAEL J. REAGAN
**DISTRICT JUDGE**