IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY M. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11−cv−0225−MJR−SCW |
| | ) |
| JACKIE MILLER, et al. | ) |
| | ) |
| Defendants. | ) |

# REPORT & RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

### BACKGROUND

On March 21, 2011, Plaintiff Jeremy Wright — an inmate at Illinois' Menard Correctional Center — brought a § 1983 action against four Illinois Department of Corrections ("IDOC") officials. Wright sued for injunctive relief (so that his protective custody status would be returned, and for a transfer to Pontiac Correctional Center) and for costs, and also asked for a temporary restraining order so that he would not be sent to general population. District Judge Reagan denied the TRO motion and dismissed Wright's original complaint (because Wright sought relief against defendants not residing in the Southern District of Illinois, and because Wright had not yet exhausted the grievance process on his claims arising from confinement at Menard). After Judge Reagan granted Wright an extension of time to receive a final ruling on the Menard grievances, Wright filed an Amended Complaint in June 2011. Wright's complaint was amended again (albeit slightly) in September 2011.

Wright's complaint stems from his concerns that Latin King gang members will (because of Wright's homosexual lifestyle and his withdrawal from that organization) execute a "smash on sight" order on him if he is incarcerated in general population. In the complaint, Wright pleas for twofold relief: (1) to be transferred to Pontiac Correctional Center, and (2) for a permanent return to protective custody.

Now before the Court is Wright's Motion for a Preliminary Injunction (Doc. 26). Wright asks the Court to enjoin Defendants so that Wright is transferred back to a "single cell environment in protective custody" where he resided for at least nine months prior to filing the instant motion (Doc. 26, 3). As a reason for such a transfer, Wright points to his current cellmate, Larry Bright, who (like Wright) has been labeled a "predator" inmate, and who (Wright says) has heard voices telling him to "do bad things" to Wright. (Doc. 26, 2). For the reasons stated below, the undersigned RECOMMENDS that Wright's Motion for Preliminary Injunction (Doc. 26) be DENIED.

## ANALYSIS

The purpose of a preliminary injunction is to preserve the status quo until the merits of a case may be resolved. **Indiana Civ. Liberties Union v. O'Bannon, 259 F.3d 766, 770 (7th Cir. 2001). Accord Texas v. Camenisch, 451 U.S. 390, 395 (1981) ("the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.").** A preliminary injunction is "and extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." **Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). Accord Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"); Girl Scouts of Manitou Council, Inc. v. Girl Scouts of USA, Inc., 549 U.S. 1079, 1085 (7th Cir. 2008) ("[A] preliminary injunction is an exercise of a

very far-reaching power, never to be indulged in except in a case clearly demanding it") (internal quotation marks omitted).

To win a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm that the preliminary injunction would inflict on the defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter*, 555 U.S. at 20). The considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted. *Judge*, 612 F.3d at 546.

In the context of prisoner litigation, there are special restrictions on courts' remedial power. *Westefer v. Snyder*, 725 F.Supp.2d 735, 788 (S.D. Ill. 2010). Federal courts are to avoid taking measures "that lead to involvement in the day-to-day management of prisons," and should "afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995) (internal quotation marks omitted)). *Accord Turner v. Safley*, 482 U.S. 78, 84–85 (1987) ("courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform") (internal quotation marks omitted). Judicial power to issue preliminary injunctions is further constrained by the Prison Litigation Reform Act (PLRA), which states, in pertinent part, that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The PLRA also instructs courts to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by" the injunction. *Id.*

Here, Wright has not carried his burden of persuasion to show he is likely to succeed on the merits. Rather than presenting argument about the merits of his case, he argues an entirely new theory: that his new cellmate is a danger to him (not because of Wright's Latin King background, but because the new cellmate is a predator inmate). Should Wright wish to posit (through the prison grievance process and through litigation) that his new living situation is also unconstitutional, he is free to do so. But that new theory is not a reason for the Court to grant Wright a preliminary injunction in the instant case.

Nor does Wright's request for injunctive relief comport with the purpose of a preliminary injunction: to maintain the relative position of the parties pending the outcome of a trial. Wright asks the Court to order IDOC officials to transfer him to a single-cell environment, but that request has nothing to do with the ultimate outcome of the case: whether the Court will issue a permanent injunction so that Wright live permanently in protective custody and/or transferred to Pontiac Correctional Center. Wright's constitutional complaints involve imminent danger from his former gang compatriots, not being assigned to a cell where he can live by himself. Defendants provide two affidavits (one from a counselor, one from a casework supervisor) as evidence that officials considered many factors when assigning Wright his cellmate. (Doc. 22-1, 1–5). Were it to enjoin IDOC officials here, the Court would effectively play the role of prison supervisor, managing cell assignments from the bench despite the Supreme Court's admonition that federal courts should afford flexibility to state officials trying to manage a volatile environment, especially "in the fine-tuning of the ordinary incidents of prison life." **Sandin v. Conner, 515 U.S. 472, 482–83 (1995).**

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Jeremy Wright's Motion for a Preliminary Injunction (Doc. 26) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed findings in this

Recommendation within **fourteen days** of being served with a copy. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, **objections to this Report and Recommendation must be filed on or before May 5, 2012.**

      **IT IS SO ORDERED.**
      **DATE: April 17, 2012.**                    */s/ Stephen C. Williams*
                                                            **STEPHEN C. WILLIAMS**
                                                            United States Magistrate Judge