IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY M. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-0225-MJR |
| | ) |
| JACKIE MILLER, | ) |
| COUNSELOR HENDRICKS, | ) |
| WARDEN, and | ) |
| S.A. GODINEZ, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

### I. Introduction and Factual/Procedural Background

Plaintiff Jeremy M. Wright, an inmate currently incarcerated at Menard Correctional Center, brought suit in March 2011 pursuant to 42 U.S.C. § 1983. Wright's Amended Complaint (further amended by interlineation) controls (Docs. 10, 23). Wright, a former Latin King gang member, asserts that the gang has a "smash on sight" order against him, and that he is in further danger because he is homosexual and the Latin Kings do not condone homosexuality. He is seeking injunctive relief in order to be returned to protective custody status on a permanent basis, and/or for transfer to Pontiac Correctional Center. Before the Court is Wright's motion for a preliminary injunction, requiring that he be placed in a single-man cell in protective custody (Doc. 26), where he had resided for the nine months preceding his motion. According to Wright, his cellmate, Larry Bright, is a predator who has heard voices telling him to "do bad things" to Wright.

The motion for injunctive relief was referred to United States Magistrate Judge Stephen C. Williams, who submitted a Report and Recommendation on April 17, 2012 (Doc. 43). Judge Williams recommends that the motion for preliminary injunction be denied. On April 30, 2012, Plaintiff Wright filed a timely objection (Doc. 46).

Accordingly, the Court will undertake *de novo* review of the portions of the Report to which specific objection was made. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. FED. R. CIV. P. 72(b); Local Rule 73.1(b); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999).

## II.  Standard for Injunctive Relief

"'[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America,* 549 F.3d 1079, 1085 (7th Cir. 2008)(quoting *Warner Brothers Pictures, Inc., v. Gittone*, 110 F.2d 292, 293 (3rd Cir. 1940)). "A party seeking to obtain a preliminary injunction must demonstrate: (1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted." *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891 (7th Cir. 2001). If these requirements are met, the Court must "consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Id.* The public interest, if any, in granting or denying the motion, then weigh all of the factors together is also considered. *Id.* The Seventh Circuit has adopted what it terms a "sliding scale approach," which means that "the more likely the plaintiff will

succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position." *Id.* This analysis is not "mathematical," but rather "subjective and intuitive." *Ty,* 237 F.3d at 895–896.

### III. Analysis

Judge Williams concluded that Plaintiff Wright failed to show that he is likely to succeed on the merits of his case, and that the request for injunctive relief premised upon threats from inmate Bright is incompatible with the goals of the underlying suit, which are to be protected from his former gang compatriots. Judge Williams also relied upon affidavits from Wright's prison counselor and a casework supervisor (Doc. 32-1). According to Casework Supervisor Jeanette Cowan, before celling Wright and Bright together, their enemy lists were compared, and their gang affiliations, relative body size, age, criminal histories and records of misconduct were considered; mental health officials also approved of the cell assignment. Counselor Robin Rowold attests that Wright has never complained about Bright.

Plaintiff Wright's Objection primarily addresses the merits of his underlying case—the gang threats. Wright also reveals that he has been in a single-man cell since February 8, 2012, but he wants to ensure that he remains in a single-man cell through trial. Plaintiff makes no specific accusations of legal or factual error; he just disagrees with Judge Williams' conclusion.

Wright has not raised a specific objection to Judge Williams' reasoning and conclusions. Moreover, Wright indicates that his concerns about being housed with inmate Bright and not being in a single-man cell are now moot. Plaintiff has not argued that he is likely to be celled with Bright again. In any event, like Judge Williams, this Court finds that Plaintiff Wright's motion is wholly unrelated to his underlying action; therefore the injunction

would do nothing to maintain the status quo, which is the point of injunctive relief. *See Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001). Wright may exhaust administrative remedies and file a separate action regarding being housed with Bright. The Court will not interject itself into the day-to-day operations of the prison, particularly not when the evidence reflects that prison officials have taken Wright's enemy list and other relevant factors into consideration when making his cell assignment. *See Sandin v. Connor*, 515 U.S. 472, 482 (1995).

### IV.   Conclusion

For the reasons stated, the Court **ADOPTS in its entirety** Magistrate Judge Williams' Report and Recommendation (Doc. 43), and further **FINDS** that the threat imposed by Plaintiff Wright being celled with inmate Bright is now moot. Therefore, Plaintiff Wright's motion for a preliminary injunction (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   May 23, 2012**

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**