IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY M. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-0225-MJR |
| | ) |
| JACKIE MILLER, | ) |
| COUNSELOR HENDRICKS, | ) |
| WARDEN, and | ) |
| S.A. GODINEZ, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

    **I. Introduction and Factual/Procedural Background**

    Plaintiff Jeremy M. Wright, an inmate currently incarcerated at Pontiac Correctional Center, brought suit in March 2011 pursuant to 42 U.S.C. § 1983. Wright's Amended Complaint controls (Docs. 10, 23). Wright, a former Latin King gang member, asserts that the gang has a "smash on sight" order against him, and that he is in further danger because he is homosexual and the Latin Kings do not condone homosexuality. Wright had been in protective custody status at Menard Correctional Center until he was sent to segregation for sexual misconduct. Upon his release from segregation, he was denied protective custody and began a series of transfers back and forth between Pontiac and Menard, similarly alternating between protective custody and general population. Essentially, Wright is suing to be placed on permanent protective custody, preferably at Pontiac. Wright's claims against officials at Pontiac were severed from his claims regarding Menard officials, possibly to be lodged in the Central

District of Illinois (Doc. 7). As of this date, it does not appear that Wright filed suit in the Central District of Illinois.

At present, Wright is housed at Pontiac in protective custody and he has filed a motion for a temporary restraining order or preliminary injunction aimed at blocking his impending transfer back to Menard, where he is certain he will not be granted protective custody (Docs. 68-70). Wright suggests the transfer is likely to occur around September 26, 2012.

## II. Standard for Injunctive Relief

A TRO may issue without notice:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b).

"'[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America,* 549 F.3d 1079, 1085 (7th Cir. 2008)(quoting *Warner Brothers Pictures, Inc., v. Gittone*, 110 F.2d 292, 293 (3rd Cir. 1940)). "A party seeking to obtain a preliminary injunction must demonstrate: (1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted." *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891 (7th Cir. 2001). If these requirements are met, the Court must "consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Id.* The public interest, if any, in granting or denying the motion, then weigh all of the factors together is also considered. *Id.* The Seventh Circuit has adopted

what it terms a "sliding scale approach," which means that "the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position." *Id.* This analysis is not "mathematical," but rather "subjective and intuitive." *Ty,* 237 F.3d at 895–896.

### III. <u>Analysis</u>

The fact that all Pontiac officials have been severed from this action raises a jurisdictional question, because the Court lacks jurisdiction to interject itself in the operations of a facility not involved in this action. However, the Director of the Illinois Department of Corrections, the warden of Menard and the Menard Protective Custody Committee Counselor are defendants in this action, and it is assumed for purposes of these motions that they have authority over Wright's custodial arrangements. Therefore, the Court will consider Wright's motions. In any event, the Court is of the opinion that neither a temporary restraining order nor a preliminary injunction should issue—which is not to say that Plaintiff Wright has no chance of success on the merits of his case.

Plaintiff Wright correctly observes that the point of injunctive relief is to maintain the status quo. *See Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001). However, the evidence before the Court, particularly Wright's own narrative in his Amended Complaint and motions, does not indicate that immediate and irreparable injury, loss, or damage will result if he is transferred (again) from Pontiac to Menard.

Plaintiff acknowledges that if he is transferred to Menard he will have to re-apply for protective custody status. Prison regulations provide for voluntary placement of an inmate in protective custody where general population inmates cannot reach a protected inmate, should the need arise. Ill.Admin.Code, title 20, § 501.310. Based upon his past difficulties obtaining and

keeping protective custody status at Menard (which is at issue in this case), Wright asserts that he will be denied protective custody status and the Latin Kings will carry through on their threats. Wright ignores that during his most recent stint at Menard he was granted protective custody status. Although officials at Menard initially denied protective custody, when Plaintiff reapplied his status was changed. Thus, Wright is merely speculating that he will be denied protective custody. Furthermore, Wright has described being held in protective custody while the ultimate decision regarding protective custody status was made. The only clear benefit of granting injunctive relief would be to save Wright from possibly having to re-apply for protective custody status, which is a burden insufficient to warrant injunctive relief.

Wright's motion for a preliminary injunction also fails as pleaded and without need for an evidentiary hearing of awaiting Defendants' response. The Court considers Plaintiff's chance of success on the merits—of securing permanent protective custody status at Pontiac—to be slim. Such prospective injunctive relief is unlikely when, as here, the possibility of injury is too remote and subject to other uncertain or contingent events. *See Capeheart v. Terrell*, __F.3d__, 2012 WL 3711720 (7th Cir. Aug. 29, 2012). Therefore, based on the lack of immediate danger and the slim chance of success on the merits, any form of preliminary injunctive relief is unwarranted.

Of course, if Wright is transferred to Menard and he is denied protective custody, he is free to move for injunctive relief. At that juncture, at least the prospect of being denied protective custody would not be speculative.

### IV.    Conclusion

For the reasons stated, the Court **DENIES** Plaintiff Wright's motions for a temporary restraining order and preliminary injunction aimed at blocking his impending transfer

back to Menard (Docs. 68-70).

**IT IS SO ORDERED.**

**DATED:   September 18, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**